## Phoebe Nye, Appellant, v. E. E. Clark, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon. WILLIAM B. SCHOLFIELD, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 16, 1915.

### Statement of the Case.

Action on the case brought by Phoebe Nye against E. E. Clark for malpractice in the treatment of her eye. The plaintiff appeals from the judgment rendered on the verdict finding the defendant not guilty.

When appellant was twenty-three years of age her left eye was removed from the socket. Four years later a surgeon at Cincinnati unsuccessfully performed an operation including a grafting of skin in and about the eyelids for the purpose of permitting the use of an artificial eye. Twenty-four years later she went to appellee, who was a specialist in the diseases of the eye, ear, nose and throat, for the purpose of having one of her ears treated, when the condition of her eye and the possibility of the use by her of an artificial eye through another operation was frequently discussed, and resulted in appellee performing the operation on her eye over which this controversy arose. Appellant testified that appellee assured her he could perform the operation successfully, while appellee testified he told her that there was a fair chance of a successful operation, but he rather discouraged it on account of the appellant's age. Appellee grafted skin taken from the arm of appellant onto the eyelids. The operation, so far as the grafting was concerned, appeared to have been successful, but the eyelids shrank to such an extent that an artificial eye could not be used; and appellant claims that as a result of the operation the eyelashes on the upper lid were de-

stroyed so as to disfigure her more than she was before the operation. Appellant then went to Chicago and had another operation performed by a specialist in that city, which was also unsuccessful. Afterwards she went to Joliet and had still another operation performed, which was likewise unsuccessful. She then brought this suit against the appellee.

Appellant introduced no evidence, except her own as to the skilfulness of the operation performed by appellee. While the evidence for appellee, shown by a number of experts, tended to prove that the operation was skilfully performed and in accordance with the modern scientific knowledge of such operations. It is a matter of great doubt from the evidence whether the disfigurements now complained of were caused by the operation performed by appellee or the subsequent operations performed by the other specialists.

The jury were instructed that the appellee was bound only to exercise the ordinary skill and care such as physicians in good practice ordinarily use, and the appellant also requested and caused the court to give instructions announcing the same rule.

R. F. ANDERSON and R. ALLAN STEPHENS, for appellant.

W. R. JEWELL, JR., for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

### Abstract of the Decision.

1. PHYSICIANS AND SURGEONS, § 20*—*who has burden of proving surgeon's negligence.* The plaintiff in an action against a surgeon for negligence in unsuccessfully grafting skin to an empty eye-socket for the purpose of permitting the use of an artificial eye, has the burden of proving that the operation was negligently and unskilfully performed.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. PHYSICIANS AND SURGEONS, § 22*—*when evidence sufficient to sustain verdict for defendant in action for malpractice.* A verdict for the defendant in an action against a surgeon for unsuccessfully grafting skin to the plaintiff's empty eyesocket for the purpose of permitting the use of an artificial eye, *held* sustained by the evidence, where twenty-four years before a similar operation proved unsuccessful, as did two other operations performed after that of the defendant.

3. EVIDENCE, § 440*—*sufficiency of objection to hypothetical question.* Objections to hypothetical questions put to expert witnesses must specifically point out the grounds thereof.

4. PHYSICIANS AND SURGEONS, § 23*—*instruction as to skill of specialist.* An instruction in an action against a specialist for malpractice, given at the request of the defendant, to the effect that he was held to the exercise of ordinary skill only, is not erroneous where a similar instruction was given at the request of the plaintiff.

SCHOLFIELD, J., took no part in the consideration of this case.